NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 25 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>CHARLES EVAN CRAWFORD, AKA Charles Crawford,<br><br>Defendant-Appellant. | No. 20-30036<br><br>D.C. No. 3:16-cr-05303-RBL-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted February 17, 2021[**]

Before: FERNANDEZ, BYBEE, and BADE, Circuit Judges.

Charles Evan Crawford appeals from the district court's judgment and challenges the 120-month custodial sentence and lifetime term of supervised release imposed following his bench-trial conviction for abusive sexual contact with a minor under 12, in violation of 18 U.S.C. §§ 2244(a)(5), 2246(3), and 2247.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Crawford contends that the district court procedurally erred and violated his right to due process by failing to consider and address his arguments, and by failing to explain the sentence adequately. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude there is none. The record reflects that the court considered Crawford's arguments and provided a sufficient explanation for its decision to impose the below-Guidelines sentence. *See United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008) (en banc); *see also United States v. Ruiz-Apolonio*, 657 F.3d 907, 920 (9th Cir. 2011) ("The district court is not required to provide a detailed explanation as to each of its reasons for rejecting every argument made by counsel.").

Crawford also contends the sentence is substantively unreasonable because it fails to reflect the unique mitigating circumstances of his offense, including his cognitive limitations. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) factors and the totality of the circumstances, including the seriousness of the offense and the need to protect the public. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**